1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMAs

JOHN ROBERT DEMOS JR,

                        Plaintiff,

        v.

WILLIAM BARKER,

                        Defendants.

Case No. C22-1706 JLR-TLF

REPORT AND
RECOMMENDATION

NOTING DATE: DECEMBER 23,
2022

11    This case has been referred to Magistrate Judge Theresa L. Fricke pursuant to

12  28 U.S.C. § 636(b)(1) and Local Rule MJR 3 and 4. Plaintiff John Robert Demos, a

13  state prisoner, has filed an application to proceed *in forma pauperis* ("IFP") and a

14  proposed complaint. Dkt. 1-1. For the reasons discussed below, the Court should deny

15  plaintiff's IFP application and should dismiss plaintiff's complaint with prejudice.

16                                DISCUSSION

17    Plaintiff is under pre-filing bar orders in a number of courts, including this Court,

18  the Eastern District of Washington, the Washington State Courts, the Ninth Circuit Court

19  of Appeals, and the United States Supreme Court. *See, e.g.*, *Demos v. Storrie*, 507 U.S.

20  290, 291 (1993). An Order of this Court provides for the return without filing of any

21  petition that seeks an extraordinary writ pursuant to 28 U.S.C. §§ 1651, 2253 or 2254,

22  unless accompanied by the filing fee. *See Demos v. Stanley*, MC97-0031-JLW (W.D.

23  Wash. Mar. 13, 1997). In addition, plaintiff may submit only three IFP applications and

24
25

REPORT AND RECOMMENDATION - 1

proposed actions each year. *See In re John Robert Demos*, MC91-269-CRD (W.D. Wash. Jan. 16, 1992); *In re Complaints and Petitions Submitted by John Robert Demos* (W.D. Wash. Dec. 15, 1982). Plaintiff has already reached this annual limit. *See, Demos v. Wash. Dep't of Corr.*, 2:22-cv-00507-JCC-DWC (W.D. Wash. 2022); *Demos v. State of Wash., et al.*, 2:22-cv-00489-RSM-BAT (W.D. Wash. 2022); *Demos v. Satterberg*, 2:22-cv-00271-JHC (W.D. Wash. 2022).

Furthermore, under 28 U.S.C. § 1915(g), plaintiff must demonstrate "imminent danger of serious physical injury" to proceed IFP; he has had more than three prior actions dismissed as frivolous, malicious, or for failure to state a claim. *See Demos v. Lehman*, MC99-113-JLW (W.D. Wash. Aug. 23, 1999). Prisoners qualify for the imminent danger exception based on the alleged conditions at the time the complaint is filed, that the imminent danger is ongoing, and there is a nexus (fairly traceable, and redressable) between the imminent danger and at least one substantive claim in the complaint. *Ray v. Lara,* 31 F.4th 692, 699-700 (9th Cir. 2022).

The imminent danger exception requires that a prisoner allege a danger which is "ready to take place" or "hanging threateningly over one's head." *Andrews v. Cervantes*, 493 F.3d 1047, 1056. (9th Cir. 2007). The Ninth Circuit has held "requiring a prisoner to 'allege ongoing danger . . . is the most sensible way to interpret the imminency requirement.'" *Id.* (*quoting Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998)).

Additionally, the plaintiff must make specific or credible allegations showing the threat is real and proximate. *Cervantes*, 493 F.3d at 1056 (*citing Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002); *Kinnell v. Graves*, 265 F.3d 1125, 1128 (10th Cir. 2001)).

In this case, Plaintiff alleges in his proposed complaint he is in imminent danger because, among other things, he must take daily urine tests, he is the subject of death threats, and he experiences denial of: food, a shower, toilet paper, and telephone access. Dkt. 1-1 at 14. However, there is no nexus between Plaintiff's alleged imminent danger and his substantive claims against the named defendants. Plaintiff's complaint alleges that defendants are plotting to kidnap, assault or assassinate President Biden. *Id.* at 13. He states that the issues he raises regarding national security should trump any bar order against him. *Id.* at 16. Plaintiff seeks "all available remedies from the Court" and $1,000,000 in damages. *Id.* at 20.

Plaintiff has not demonstrated how these substantive claims are related, in any way, to his allegation that he is in imminent danger. Further, Plaintiff has not made a specific or credible allegation of facts to show that any of the threats to him is real. He broadly alleges that prison guards have placed him in imminent danger, but he does specify which prison guards or inmates are an immediate threat to him or what events have led him to believe he is in imminent danger.

Plaintiff's claim should be subject to dismissal because the claim does not meet the standards of *Ashcroft v. Iqbal,* 556 U.S. 662, 678-681 (2009) and Fed. R. Civ. P. 8(a). His claims are bare assertions; the allegations are conclusory, speculative and unsupported by assertions of plausible facts.

Therefore, plaintiff's complaint should be dismissed for failure to state a claim. Before the Court may dismiss the complaint as frivolous or for failure to state a claim, it "must provide the [prisoner] with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGuckin v. Smith*, 974 F.2d

1050, 1055 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997); *see also Sparling v. Hoffman Constr. Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988); *Noll v. Carlson*, 809 F.2d 1446, 1449 (9th Cir. 1987). Leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

In this situation, it appears that amendment would be futile. This is a nonsensical pleading that would meet the definition of frivolous -- no arguable basis in law or fact – and would be subject to dismissal even if the Court granted leave to amend. Under *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991), the Court should decline to grant leave to amend.

Amendment would be futile and the Court should dismiss with prejudice because there is "no possibility of stating a cause of action". *Shermoen v. U.S.,* 982 F.2d 1312, 1319 (9th Cir. 1992).

<u>CONCLUSION</u>

Based on the foregoing discussion, the Court should deny plaintiff's IFP application and dismiss plaintiff's complaint with prejudice.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (FRCP) 72(b); *see also* FRCP 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is

directed set this matter for consideration on **December 23, 2022**, as noted in the caption.

Dated this 8th day of December, 2022.


Theresa L. Fricke
United States Magistrate Judge